```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :
                                   :
          - v. -                   :
                                   :   SEALED SUPERSEDING
ROBERT LENARD BOOTH,               :   INDICTMENT
    a/k/a "Trevor Nicholas,"       :
MICHAEL D'URSO,                    :   S1 21 Cr. 652 (JSR)
ALYSSA D'URSO,                     :
JAY GARNOCK, and                   :
ANTONELLA CHIARAMONTE,             :
                                   :
          Defendants.              :
                                   :
- - - - - - - - - - - - - - - - - X
```

**COUNT ONE**
(Conspiracy to Commit Securities Fraud and Operate Unlicensed Money Transmitting Businesses)

The Grand Jury charges:

**Overview of the "Boiler Room" Investment Fraud Scheme**

1. From at least in or about June 2019 up to and including at least in or about August 2021, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, participated in a sophisticated international mass-marketing investment fraud scheme to defraud English-speaking investors from around the world of millions of dollars, and to launder the fraud proceeds and distribute those proceeds among the conspirators.

2.     As part of the investment fraud scheme, conspirators purported to be employees of successful financial investment firms and made extensive efforts to convince victim-investors of the firms' existence and legitimacy. Those steps commonly included impersonating real financial investment firms, using aliases, creating fraudulent websites that appeared to be associated with the real firms, creating fraudulent email addresses that appeared to be associated with employees of the real firms, and using phone numbers that made it falsely appear that the conspirators were operating from New York or other locations with prominent financial markets. The conspirators employed those tactics and others along with hard-sell telemarketing calls and emails with victim-investors, orchestrated from so-called "boiler rooms" located in countries such as, Thailand, the Philippines, and Panama. Through those calls and emails, the conspirators convinced victims to transfer funds to one or more bank accounts under the conspirators' control for what the victims believed to be investments in various companies—that is, the purchase of securities. In reality, however, the conspirators' purported financial investment firms were fake, the purported securities purchases were fraudulent, and the money sent by victims was never invested or returned.

3.     ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, managed a boiler room that operated principally from Thailand. BOOTH employed numerous co-conspirators in his boiler room in roles that included telemarketing, office management, accounting, and logistics. BOOTH's boiler room falsely portrayed itself to victims as a Manhattan-based investment brokerage firm. BOOTH and his co-conspirators in the boiler room contacted victims outside the United States by phone and email, among other means, and offered to sell victims securities in privately held and publicly traded American companies. During the relevant period, BOOTH and his boiler room defrauded victim-investors of more than $1 million. After victims agreed to "invest" with BOOTH's boiler room, the victims were directed to make wire transfers to bank accounts that they were told were "escrow accounts" held by "transfer agents" in, among other places, New York. As described below, these "escrow accounts" were held by shell companies created by BOOTH's co-conspirators to further the investment fraud scheme and launder the proceeds.

**Overview of the Money Laundering Scheme**

4.     The "escrow accounts" to which the victims sent their funds were bank accounts in the United States held by a network of businesses created by the conspirators in furtherance of the scheme. The businesses and the accounts lacked any legitimate purpose. Instead, the businesses and accounts furthered the

3

fraud scheme in multiple ways. First, the use of businesses distanced the conspirators from the fraud scheme. Second, the use of American businesses and bank accounts helped convince overseas victims that their purported investments in American securities were legitimate. And third, the accounts were used to wire the fraud proceeds back to the boiler rooms overseas, in transactions designed to conceal the illicit nature of the money being sent abroad.

5. Among the businesses involved in the conspiracy were four corporations chartered in New York: BA Management Holdings Corp., Irvine Management Holdings Corp., DT Holdings Management Corp., and ATC Holdings and Transfer Corp. (collectively, the "Shell Companies"). The Shell Companies each held multiple bank accounts in the United States that were used in the scheme (collectively, the "Shell Company Accounts"). The Shell Company Accounts were among the "escrow accounts" into which victims paid for their purported investments.

6. MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, (the "D'URSO Crew"), owned and operated the Shell Companies. The Shell Companies never registered with any state or federal agency in a manner that would have authorized them to serve as transfer agents for the sale of securities or as money transmitting businesses. The D'URSO Crew also opened, managed,

4

and controlled the Shell Company Accounts. The D'URSO Crew misled banks about the business of the Shell Companies when they opened the Shell Company Accounts.

7. For a fee that varied, but was generally about fifteen to twenty-five percent of the fraud proceeds, the D'URSO Crew received funds wired from victim-investors into the Shell Company Accounts and then transferred the money back to the boiler rooms using transactions designed to make the payments appear legitimate.

8. During the relevant period, the D'URSO Crew used the Shell Companies and the Shell Company Accounts to work with numerous boiler rooms, including one operated by ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant. In total, the Shell Company Accounts received more than $8.4 million of funds stolen from victim-investors. Using the Shell Company Accounts, the D'URSO Crew wired more than $4.6 million to accounts operated by the boiler rooms in numerous countries, including Thailand, the Philippines, and Panama. Of these payments to the boiler rooms, more than $4 million was transferred in wire transactions that were falsely described as for "consultancy expenses" for services to the Shell Companies. Included among the false payments for "consultancy expenses" were wire transfers paid by each of the Shell Companies to a bank account in Thailand held by "Robert Lenard Booth."

**STATUTORY ALLEGATIONS**

9. From at least in or about June 2019, up to and including at least in or about August 2021, in the Southern District of New York and elsewhere, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(A), and 1960(b)(1)(B).

10. It was a part and an object of the conspiracy that ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section

6

240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

11.  It was further a part and an object of the conspiracy that ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, which (i) operated without a New York State money transmitting business license, and (ii) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff) and 1022.380(a), in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(A), and 1960(b)(1)(B).

Overt Acts

12. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about July 22, 2019, MICHAEL D'URSO, the defendant, wired $5,221.00 from a Shell Company Account held by DT Holdings Management Corp. to a bank account in New York, New York.

    b. On or about February 12, 2020, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, caused approximately $12,000 to be wired through a bank account in New York, New York, to a bank account in Glen Cove, New York.

    c. On or about June 30, 2020, MICHAEL D'URSO, the defendant, wired $95,000 from a Shell Company account held by ATC Holdings and Transfer Corp. to a bank account in New York, New York, to be credited to a Shell Company Account held by Irvine Management Transfers and Holdings Corp. that was controlled by ALYSSA D'URSO, the defendant.

    d. On or about August 26, 2020, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, caused approximately $109,975 to be wired through a bank account in New York, New York, to a bank account in Glen Cove, New York.

    e. On or about September 10, 2020, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, caused

approximately $12,000 to be wired through a bank account in New York, New York, to a bank account in Glen Cove, New York.

        f.   On or about December 7, 2020, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, caused approximately $95,985 to be wired through a bank account in New York, New York, to a bank account in Glen Cove, New York.

        g.   On or about December 10, 2020, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," the defendant, caused approximately $17,485 to be wired through a bank account in New York, New York, to a bank account in Glen Cove, New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

13.   The allegations contained in paragraphs 1 through 8 are repeated and realleged as though fully set forth herein.

14.   From at least in or about June 2019, up to and including at least in or about August 2021, in the Southern District of New York and elsewhere, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit

wire fraud, in violation of Title 18, United States Code, Section 1343.

15. It was a part and object of the conspiracy ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT THREE

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 8 are repeated and realleged as though fully set forth herein.

17. From at least in or about June 2019 up to and including at least in or about August 2021, in the Southern District of New York and elsewhere, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK,

and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i).

18.  It was a part and an object of the conspiracy that ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash and wire transactions, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, securities fraud and wire fraud, knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

19.  It was further a part and an object of the conspiracy that ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, and others known and unknown, would and did

11

transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, securities fraud and wire fraud, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h).)

### COUNT FOUR

(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 8 are repeated and realleged as though fully set forth herein.

21. From at least in or about February 2020, up to and including at least in or about December 2020, in the Southern District of New York and elsewhere, MICHAEL D'URSO and ALYSSA D'URSO, the defendants, knowingly did conduct, control, manage,

supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, BA Management Holdings Corp. and Irvine Management Transfers and Holdings Corp., which (i) operated without a New York State money transmitting business license, and (ii) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff) and 1022.380(a).

(Title 18, United States Code, Sections 1960 and 2.)

### COUNT FIVE

(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 8 are repeated and realleged as though fully set forth herein.

23. From at least in or about June 2019, up to and including at least in or about December 2020, in the Southern District of New York and elsewhere, MICHAEL D'URSO and JAY GARNOCK, the defendants, knowingly did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, DT Holdings Management Corp., which (i) operated without a New York State money transmitting business license, and (ii)

failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff) and 1022.380(a).

(Title 18, United States Code, Sections 1960 and 2.)

## COUNT SIX

(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

24. The allegations contained in paragraphs 1 through 8 are repeated and realleged as though fully set forth herein.

25. From at least in or about October 2019, up to and including at least in or about December 2020, in the Southern District of New York and elsewhere, MICHAEL D'URSO and ANTONELLA CHIARAMONTE, the defendants, knowingly did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, ATC Holdings and Transfer Corp., which (i) operated without a New York State money transmitting business license, and (ii) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed

thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff) and 1022.380(a).

(Title 18, United States Code, Sections 1960 and 2.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

26.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

    a.  The sum of $274,639.00 previously on deposit in an account with an account number ending in 6104 and held in the name of Robert Lenard Booth.

    b.  The sum of $672,890.82 previously on deposit in an account with an account number ending in 7179 and held in the name of BA Management Holdings Corp.

c. The sum of $716,165.61 previously on deposit in an account with an account number ending in 2319 and held in the name of BA Management Holdings Corp.

d. The sum of $586,643.83 previously on deposit in an account with an account number ending in 4171 and held in the name of ATC Holdings and Transfer Corp.

e. The sum of $61,094.30 previously on deposit in an account with an account number ending in 8145 and held in the name of ATC Holdings and Transfer Corp.

f. The sum of $229,623.37 previously on deposit in an account with an account number ending in 7783 and held in the name of DT Holdings Management Corp.

g. The sum of $701,592.77 previously on deposit in an account with an account number ending in 0968 and held in the name of DT Holdings Management Corp.

h. The sum of $6,998.02 previously on deposit in an account with an account number ending in 6962 and held in the name of 100 School Street Corp.

i. The sum of $257.32 previously on deposit in an account with an account number ending in 5916 and held in the name of 320 Cedar Swamp Road Corp.

j. The sum of $89,446.38 previously on deposit in an account with an account number ending in 5526 and held in the name of Michael A. D'Urso.

**FORFEITURE ALLEGATION AS TO COUNTS THREE THROUGH SIX**

27. As a result of committing the offense alleged in Counts Three through Six of this Indictment, ROBERT LENARD BOOTH, a/k/a "Trevor Nicholas," MICHAEL D'URSO, ALYSSA D'URSO, JAY GARNOCK, and ANTONELLA CHIARAMONTE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and the following specific property:

    a. The sum of $274,639.00 previously on deposit in an account with an account number ending in 6104 and held in the name of Robert Lenard Booth.

    b. The sum of $672,890.82 previously on deposit in an account with an account number ending in 7179 and held in the name of BA Management Holdings Corp.

    c. The sum of $716,165.61 previously on deposit in an account with an account number ending in 2319 and held in the name of BA Management Holdings Corp.

    d. The sum of $586,643.83 previously on deposit in an account with an account number ending in 4171 and held in the name of ATC Holdings and Transfer Corp.

  e. The sum of $61,094.30 previously on deposit in an account with an account number ending in 8145 and held in the name of ATC Holdings and Transfer Corp.

  f. The sum of $229,623.37 previously on deposit in an account with an account number ending in 7783 and held in the name of DT Holdings Management Corp.

  g. The sum of $701,592.77 previously on deposit in an account with an account number ending in 0968 and held in the name of DT Holdings Management Corp.

  h. The sum of $6,998.02 previously on deposit in an account with an account number ending in 6962 and held in the name of 100 School Street Corp.

  i. The sum of $257.32 previously on deposit in an account with an account number ending in 5916 and held in the name of 320 Cedar Swamp Road Corp.

  j. The sum of $89,446.38 previously on deposit in an account with an account number ending in 5526 and held in the name of Michael A. D'Urso.

<u>Substitute Asset Provision</u>

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with,

a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

  (Title 18, United States Code, Sections 981 and 982;
   Title 21, United States Code, Section 853;
   Title 28, United States Code, Section 2461.)

_____  _____
FOREPERSON         DAMIAN WILLIAMS
              United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT LENARD BOOTH,
a/k/a "Trevor Nicholas,"
MICHAEL D'URSO,
ALYSSA D'URSO
JAY GARNOCK, and
ANTONELLA CHIARAMONTE,

Defendants.

---

**SEALED**
**SUPERSEDING INDICTMENT**

S1 21 Cr. 652 (JSR)

(18 U.S.C. §§ 371, 1349, 1956(h),
and 1960.)

DAMIAN WILLIAMS
United States Attorney

*/s/ Mark E. S_____*
Foreperson

*Sealed Superseding Indictment*
*Arrest Warrants Issued*

KL
2/3/22

Stewart D. A___
U.S.M.J.